**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH V. PALMA | ) | CASE NO.: 04-11902 |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |
| COUNTY OF SIMPSON | ) | AP NO.:    05-01014 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH V. PALMA | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM-OPINION

This matter came before the Court for trial on the Complaint of Plaintiff County of Simpson ("County") against Defendant/Debtor Joseph V. Palma ("Debtor") to have a debt owed by Debtor to the County declared nondischargeable. Based upon the evidence presented at trial, the written submissions of the parties and the arguments of counsel, the Court finds the debt in the amount of $10,969 is nondischargeable pursuant to 11 U.S.C. §523(a)(4). The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

## FACTS

Debtor served as the elected Sheriff for the County from January 1994 to December 2002. After Debtor lost his position, an Auditor of Public Accounts, Martha Sue Gaffen, with the Commonwealth of Kentucky conducted an extensive audit of the County's Sheriff's Office during Debtor's term in office. The audit determined there was a deficiency of $24,269 for disallowed disbursements. This amount was broken down into four categories.

The first item was a $1,219 deposit shortage.  The audit showed that a check was received and cashed by the Sheriff's office in this amount, but never deposited.  Debtor claimed the money was left in a safe and ultimately lost.  He claims that he did not personally benefit from these funds.

The second item is $5,629 that Debtor took as additional compensation for unused sick and vacation time.  The auditor established that this amount was above the statutory compensation allowed by statute for Debtor's office.  Debtor had never taken payment for unused sick and vacation time prior to 2002.  KRS 64.5275 does not allow such compensation.

The third item was $866 for disallowed items including taxes and interest.  This figure stemmed from FICA taxes paid on the salary overpayment and interest and late charges accrued by Debtor on a County credit card that Debtor failed to pay timely.

The fourth item was $16,550 for a Chevrolet Tahoe purchased by Debtor with County funds but not titled in the County's name.  Sheriffs are allowed to purchase a vehicle, place the title in their own name and then lease the vehicle to the County and get reimbursed for mileage.  Debtor purchased a Tahoe in April 2002 with his own personal funds.  Six to seven months later after that purchase, the vehicle was titled in the County's name.  In August 2002, Debtor purchased another Tahoe with County funds, but did not register the vehicle in the County's name.  When Debtor left office, he kept the second vehicle and left the first one with the County.  The auditor could not determine the difference in the value of the vehicles so the entire $16,550 was disallowed.

## LEGAL ANALYSIS

The County seeks to have the debt owed by Debtor in the amount of $24,269 declared nondischargeable on the basis of fraud or defalcation while acting in a fiduciary capacity,

embezzlement or larceny pursuant to 11 U.S.C. §523(a)(4).[1]  The County further narrowed its claim as to whether Debtor's actions while serving as Sheriff constituted defalcation while acting in a fiduciary capacity.  The Court finds the evidence sufficient to support such a finding.

Section 523(a)(4) of title 11 of the Bankruptcy Code provides that "a discharge under [the Bankruptcy Code] does not discharge an individual from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."  In re Blaszak, 397 F.3d 386 (6th Cir. 2005).  The Sixth Circuit has defined "defalcation" to encompass embezzlement and misappropriation by a fiduciary as well as the "failure to properly account for such funds."  Id.  In order to prove that a debt is nondischargeable under §523(a)(4) due to defalcation, the plaintiff must prove by a prepondence of the evidence (1) a fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss.  In re Garver, 116 F.3d 176, 178 (6th Cir. 1997).  An express or technical trust is necessary to trigger the defalcation provision of §523(a)(4).  Id.

In order to establish the existence of an express trust four elements must be met.  These are (1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary.  Blaszak, 397 F.3d at 391.  These elements are met in this case.  Debtor, as the duly elected Sheriff of the County was the trustee on behalf of the citizens of the County.  See United States of America v. Gray, 790 F.2d 1290, 1294 (6th Cir. 1986), rev'd on other grounds, McNally v. U.S., 483 U.S. 350 (1987), and cases cited therein for proposition that a public official acts as a trustee for citizens and owes normal fiduciary duties of a trustee.  Debtor held funds in trust for the benefit of the public. These factors are sufficient to establish the existence of an express trust.

_____

[1]In its post-trial brief, the County waived all of its other claims asserted in the Complaint.

The evidence established that Debtor failed to properly account for the funds set forth in the four categories outlined in the audit. Under Blaszak, this evidence presented was sufficient to establish defalcation under 11 U.S.C. §523(a)(4).

The final element to find the debt nondischargeable under §523(a)(4) is whether Debtor acted as a fiduciary at the time the debt was created. The existence of a fiduciary relationship is determined by federal law. Id. The term is more narrowly construed for purposes of §523(a)(4) than in other circumstances. In In re Littell, 109 B.R. 874, 880 (Bankr. N.D. Ind. 1989), the court stated that the term "fiduciary" as used in the statute is limited to the class of fiduciaries including trustees of specific written declarations of trusts, guardians, administrators, executors or public officers and, absent special consideration, does not extent to the more general class of fiduciaries such as agents, bailees, brokers, factors and partners. The Court finds under these circumstances that a public officer such as the Debtor was a fiduciary for purposes of 11 U.S.C. §523(a)(4).

The Court must next find the amount of the debt owed as nondischargeable. Debtor failed to account for the $1,219 received by the County on a settlement. His explanation as to the loss of these funds was simply not credible. His failure to account for these funds which were held in trust makes him liable on this nondischargeable debt.

Debtor also breached his fiduciary duty by taking an additional $5,629 in compensation for sick leave and vacation time after he failed in his bid for re-election. Debtor had never before taken this sum, a sum he clearly was not entitled to by statute. This breach of the public trust makes this debt nondischargeable.

It is also clear that the County sustained a loss of $3,255 on the purchase of the Chevrolet Tahoe with County funds. The evidence established that the vehicle Debtor left to the County when

he left office was of lesser value than the one he kept and titled in his own name.  The more expensive vehicle was purchased with County funds and remained in Debtor's possession.  The difference between the value of the vehicles is a debt that Debtor owes the County.  His actions in this regard breached his fiduciary duty to the County.

The Court also agrees with the County that the additional $866 in disallowed penalties, interest, credit card finance charges, personal items and taxes on the excess salary is also nondischargeable. Ms. Gaffin's audit established the County's loss on these funds that resulted from Debtor's misfeasance.  Accordingly, this amount is also nondischargeable.

### <u>CONCLUSION</u>

For all of the above reasons, the debt in the amount of $10,969 owed by Debtor Joseph V. Palma to the County of Simpson is nondischargeable pursuant to 11 U.S.C. §523(a)(4).  A Judgment accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH V. PALMA | ) | CASE NO.: 04-11902 |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |
| COUNTY OF SIMPSON | ) | AP NO.:    05-01014 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH V. PALMA | ) | |
| | ) | |
| Defendant | ) | |

**<u>JUDGMENT</u>**

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the debt owed by Defendant/Debtor Joseph V. Palma in the amount of $10,969 to the County of Simpson is nondischargeable pursuant to 11 U.S.C. §523(a)(4).

This is a final and appealable Judgment.  There is no just reason for delay.